# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JOSE D. CUEVA, | § | |
|     Debtor | § | |
| _____ | § | |
| | § | |
| VINCENT BUSTAMANTE, | § | **CIVIL ACTION NO. H-05-1888** |
|     Appellant and Plaintiff | § | |
| | § | |
| v. | § | Appeal from Adversary No. 00-3361 |
| | § | Bankruptcy Case No. 99-41709-H5-13 |
| JOSE D. CUEVA, | § | |
|     Appellee and Defendant. | § | |

## MEMORANDUM AND ORDER

This matter is before the Court on Appellant Vincent Bustamante's third appeal from a ruling by the United States Bankruptcy Court in an adversary proceeding involving a post-petition foreclosure sale. Bustamante appeals the Bankruptcy Court's April 18, 2005 Order on Remand ("April 18 Order") explaining its July 12, 2004 order distributing to Appellee Jose D. Cueva all funds held in the registry of the Court. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that the April 18 Order should be **affirmed**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background of this case was set forth fully in the Court's Memorandum and Order issued in Civil Action No. H-04-3606 on November 23, 2004, and will not be repeated here.  Briefly, Cueva filed a voluntary Chapter 13 Bankruptcy Case on the morning of December 7, 1999.  At a foreclosure sale later that day his property was sold to Appellant Bustamante and a second individual, whose one-half interest Bustamante later purchased.

Bustamante filed an adversary proceeding in the Bankruptcy Court in June 2000 seeking recognition of his ownership interest in the property as a good faith purchaser for value.  Following decisions by the Bankruptcy Court, this Court, and the United States Court of Appeals for the Fifth Circuit, it was determined that Bustamante did not have any ownership or possessory interest in the property.  Thereafter, the Bankruptcy Court released to Cueva the funds held in the Court's registry.

It is undisputed on the current record that the lenders received $191,962.00 in payment on their liens, Cueva received approximately $628,114.25 consisting of proceeds from the sale of the property, and Bustamante received $42,654.67.  Bustamante complains that the Bankruptcy Court's decision deprives him of the purchase price he paid for the property and gives Cueva a windfall.

## II. <u>STANDARD OF REVIEW</u>

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard. *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). Mixed questions of law and fact are reviewed *de novo*. *In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002). Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002). This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below." *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

## III.  **ANALYSIS**

Appellant Bustamante raises six issues in this appeal. Basically, Bustamante contends that the Bankruptcy Court's release of the full amount in the Court's registry to Cueva, without refunding to Bustamante the purchase price he paid for the property, grants an inequitable windfall to Cueva. Bustamante also argues that the Bankruptcy Court's April 18 Order was contrary to the prior decisions by this Court and the Fifth Circuit, and that the Bankruptcy Court should have issued additional orders to protect Bustamante's potential interest in the funds released to Cueva.

The automatic stay provision of the United States Bankruptcy Code, 11 U.S.C. § 362, became effective when Cueva filed his bankruptcy petition on the morning of December 7, 1999. The Fifth Circuit noted that the automatic stay can be modified or annulled retroactively under 11 U.S.C. § 362(d), but noted also that Bustamante had not specifically requested relief under that provision. *See In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004). The Fifth Circuit stated that the Bankruptcy Court could determine whether Bustamante "requested such relief or whether he can still request such relief . . .." *Id.*

The Fifth Circuit next determined that Bustamante's status as a good faith purchaser at the original foreclosure sale did not provide an exception to the § 362 automatic stay and, therefore, the foreclosure sale was void and Bustamante did not obtain title to the property. *See id.* at 238.

The Fifth Circuit then addressed "several other claims" raised by Bustamante. The Fifth Circuit held he was not entitled to damages under 11 U.S.C. § 550 or under the Texas Deceptive Trade Practices Act, and that he had not proven that he is entitled to a lien on the basis of equitable subrogation. *Id.* The Fifth Circuit stated that "[e]quitable subrogation is a matter left to the court's discretion" and later noted that this "other claim[]" failed. *Id.*

On remand, the Bankruptcy Court noted that the Fifth Circuit had rejected any claim Bustamante had for equitable subrogation. The Bankruptcy Court also noted that "Bustamante did not raise any legal or equitable theory for an award of any of the funds [in the Court's registry] to himself . . .." April 18 Order, p. 3. Following the Fifth Circuit's decision that Bustamante failed to prove entitlement as a matter of law to a lien under the doctrine of equitable subrogation, and finding that "[e]quitable subrogation is the only legal or equitable theory by which Bustamante might be entitled to a refund of his out-of-pocket funds and is the only legal or equitable theory raised by Bustamante to recover those sums," the Bankruptcy Court again awarded all the funds in the Court's registry to Cueva and none to Bustamante. *Id.* at 5.

In his Appellant's brief in this appeal, Bustamante does not identify any other legal or equitable basis for recovering from the funds in the Court's registry his out-of-pocket purchase payment. Instead, Bustamante complains that Cueva also failed to advance proper legal theories to support his claim to the funds and that Cueva enjoyed a windfall. Whether or not Bustamante's complaints about the benefits to Cueva are justified, Bustamante has failed to show that the Bankruptcy Court erred or abused its discretion in releasing the funds in the Court's registry – which were all generated from the sale of the debtor's property – to the debtor. The Bankruptcy Court found that the only basis for Bustamante's requested relief was equitable subrogation, and the Fifth

Circuit had already rejected Bustamante's claim in that regard. As a result, there is no basis for this Court to reverse the decision of the Bankruptcy Court.

## IV.    CONCLUSION AND ORDER

Following remand from the Fifth Circuit and from this Court, the Bankruptcy Court determined that Bustamante had not requested relief under § 362(d) of the Bankruptcy Code and that any claim for equitable subrogation had been rejected by the Fifth Circuit. The Bankruptcy Court neither erred nor abused its discretion is reaching this decision. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's April 18 Order is **AFFIRMED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this **8th** day of **August, 2005.**

_____
Nancy F. Atlas
United States District Judge